**Hugh GALLAGHER, et al., Appellants,**

v.

**CITY OF MINNEAPOLIS, et al., American Federation of State, et al., Respondents.**

**No. C9–84–1740.**

Court of Appeals of Minnesota.

March 19, 1985.

David R. Hols, Mary J. Atmore, Felhaber, Larson, Fenlon and Vogt, P.A., Minneapolis, for appellants.

Jerome R. Jallo, Asst. City Atty., Minneapolis, for City of Minneapolis, et al.

Gregg M. Corwin, St. Louis Park, for American Federation of State, et al.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The Minneapolis Civil Service Commission and its individual members brought an action to have a portion of a collective bargaining agreement between respondents, the City of Minneapolis, the Library Board of the City of Minneapolis, and the American Federation of State, County and Municipal Employees declared void, for an alleged conflict with the city charter of the City of Minneapolis and the rules of the Minneapolis Civil Service Commission. The district court, on a motion by the commission and its members for an injunction, and a motion by respondents for summary judgment, granted summary judgment in favor of respondents, the city, the library board and the union. We affirm.

## FACTS

The City of Minneapolis and the Library Board of the City of Minneapolis are required to negotiate terms and conditions of employment for public employees with the exclusive representatives of the public employees, the American Federation of State, County and Municipal Employees, Council 14, Local Nos. 9 and 99 ("AFSCME"). Appellant Minneapolis Civil Service Commission is an agency created pursuant to chapter XIX of the Minneapolis City Charter. The commission has adopted rules pursuant to chapter XIX. Many subjects traditionally within the realm of collective bargaining were dealt with by the commission pursuant to its grant of authority under the charter. Among these areas were vacations, holidays, sick leave, discipline and the examination and promotion of personnel.

In 1983, the legislature amended Minn. Stat. § 179.66, subd. 2, to provide that the collective bargaining duty of a public employer superseded any conflicting municipal charter. Following the enactment of this provision, the respondents negotiated new collective bargaining agreements, including provisions regarding vacations, holidays, sick leave, discipline, and the examination and promotion of personnel.

Appellants here limit their challenge only to those provisions in the collective bargaining agreement dealing with the examination and promotion of personnel. These contract provisions are in conflict with the rules of the commission, and attempt to regulate areas previously governed by the rules of the commission.

The trial court granted summary judgment in favor of respondents and denied appellant's motion for an injunction. The court held that the challenged provisions of the collective bargaining agreement fell within the definition of terms and conditions of employment and were mandatory subjects of bargaining, notwithstanding conflict with the Minneapolis city charter and commission rules. The court concluded that even if these provisions were not terms and conditions of employment, they could nonetheless be voluntarily negotiated by a public employer.

## ISSUE

Whether Minn.Stat. § 179.66, subd. 5, mandates that contract provisions which conflict with the city charter provisions on matters of inherent managerial policy are void, or whether Minn.Stat. § 179.66, subd. 2, supersedes such city charter provisions even as to matters of inherent managerial policy.

## ANALYSIS

Prior to 1983, the commission had responsibility for many subjects which were traditionally within the realm of collective bargaining pursuant to the grant of authority under the Minneapolis city charter. Minn.Stat. § 179.66, subd. 5 (1982), specifically provided:

Any provision of any contract required by section 179.70, which of itself or in its implementation would be in violation of or in conflict with any * * * provision of a municipal home rule charter or ordinance or resolution adopted pursuant thereto, * * * provided that such rule, regulation, home rule charter, ordinance, or resolution is not in conflict with sections 179.61 to 179.66, shall be returned

to the arbitrator for an amendment to make the provision consistent with the statute, rule, regulation, charter, ordinance or resolution.

Minn.Stat. § 179.66, subd. 2, was amended in 1983 by adding the second paragraph of the subdivision:

A public employer has an obligation to meet and negotiate in good faith with the exclusive representative of the public employees in an appropriate unit regarding grievance procedures and the terms and conditions of employment, but the obligation does not compel the public employer or its representative to agree to a proposal or require the making of a concession.

The public employer's duty under this subdivision exists notwithstanding contrary provisions in a municipal charter, ordinance, or resolution. *A provision of a municipal charter*, ordinance, or resolution *which limits or restricts a public employer from negotiating* or from entering into binding contracts with exclusive representatives *is superseded* by this subdivision.

(Emphasis added).

Despite the passage of this amendment, Minn.Stat. § 179.66, subd. 5, was not repealed or amended.

Appellants agree that subdivision 2 removes their authority over matters concerning terms and conditions of employment and places them in the realm of negotiations between the employer and the authorized representative of the employees. However, they contend that matters concerning inherent managerial policy were not affected by the amendment, that the disputed portion of the collective bargaining agreement concerns matters of inherent managerial policy, and that under Minn.Stat. § 179.66, subd. 5, and Minn.Stat. § 179.72, subd. 7, the commission rules still govern the matters addressed by the disputed provision of the collective bargaining agreement.

Respondents contend that Minn.Stat. § 179.66, subd. 2, supersedes municipal charter provisions regarding both terms

and conditions of employment and matters of inherent managerial policy. They further contend that whether or not a particular subject is a term and condition of employment or a matter of inherent managerial policy should itself be subject to negotiation.

■ The trial court determined, initially, that the disputed portions of the collective bargaining agreement concern terms and conditions of employment which are mandatory subjects of bargaining under section 179.66, subd. 2, and are therefore removed from the authority of the commission and placed within the realm of negotiations between the employer and the authorized representative. The determination of whether a matter is a term and condition of employment, and therefore subject to mandatory negotiation, is a factual question, not appropriate for summary judgment. However, it is not necessary for this issue to be addressed here.

Does Minn.Stat. § 179.66, subd. 2, apply only to terms and conditions of employment, as appellant argues, or does it allow respondents to negotiate on all provisions contained in the parties' collective bargaining agreement, regardless of whether the matters negotiated are terms and conditions of employment or matters of inherent managerial policy?

It is clear that an employer is not required to negotiate matters concerning inherent managerial policy. Minn.Stat. § 179.66, subd. 1 (1982) explicitly provides:

A public employer is not required to meet and negotiate on matters of inherent managerial policy * * *.

However, Minn.Stat. § 179.70, subd. 1 (Supp.1983), indicates that it may negotiate on matters other than the terms and conditions of employment:

A written contract or memorandum of contract containing the agreed upon terms and conditions of employment and such other matters as may be agreed upon by the employer and exclusive representative shall be executed by the parties.

The supreme court has clearly indicated that matters concerning inherent managerial policy may be negotiated:

No provision in PELRA states that aspects of inherent managerial policy shall not be subjects of negotiation.

*Minn. Arrowhead District Council 96 v. St. Louis County,* 290 N.W.2d 608, 611 (Minn.1980).

The 1983 amendment of Minn.Stat. § 179.66, subd. 2, expressly departs from prior law requiring that contract provisions conform to municipal charters. The amendment forbids charter limitations on "negotiating." We reject the notions that the amendment applies to some but not all lawful negotiating, and that we should limit it by extending to this topic the hazy distinctions between terms and conditions of employment and inherent managerial policy.

■ Because the employer has the option to negotiate regarding matters of inherent managerial policy, although it is not required to, and because Minn.Stat. § 179.66, subd. 2, does not limit the subjects of negotiation which are superseded by that section to only terms and conditions of employment, we conclude that Minn.Stat. § 179.66, subd. 2, applies to both matters of inherent managerial policy and terms and conditions of employment.

We recognize that the legislature did not simultaneously repeal the provisions of Minn.Stat. § 179.66, subd. 5, which seemingly conflict with Minn.Stat. § 179.66, subd. 2. However, the language of the amendment of subdivision 2 supersedes the conflicting portion of subdivision 5 as to the issue raised in this case.

Finally, we note that the legislature has repealed the Public Employees Labor Relations Act of 1971, Minn.Stat. §§ 179.61–.76. 1984 Minn.Laws, ch. 462, § 28. The repealed act was replaced by chapter 179A, the new Public Employees Labor Relations Act. The new act has retained the language of Minn.Stat. § 179.66, subd. 2, almost exactly, at Minn.Stat. § 179A.07, subd. 2, but has not retained the language of Minn.Stat. § 179.66, subd. 5. This sup-

ports our conclusion that the contradictory provision of Minn.Stat. § 179.66, subd. 5, was superseded by Minn.Stat. § 179.66, subd. 2.

In view of our decision above, it is not necessary to address the assertion of AFSCME that appellants do not have standing in this case. Further, our decision makes it unnecessary to address the issue whether appellants were entitled to a temporary injunction.

## DECISION

The trial court properly awarded summary judgment in favor of respondent.

Affirmed.